**Affirmed and Memorandum Opinion filed November 5, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00975-CR

## NATHAN LAFEGIA MOORE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 16CR0636**

## M E M O R A N D U M   O P I N I O N

Appellant Nathan Lafegia Moore challenges his conviction and sentence for aggravated assault. In a single issue, he argues that the trial court erred by not allowing him to take the State's expert witness on voir dire. Because we conclude that appellant failed to preserve his appellate complaint for review, we affirm the trial court's judgment.

## Background

The Galveston County District Attorney charged appellant with the second-degree felony offense of aggravated assault with a deadly weapon. Appellant pleaded guilty to the charge, and the trial court placed appellant on two years' deferred adjudication community supervision. A year later, the State moved to revoke appellant's community supervision and to adjudicate appellant's guilt. As grounds for revoking appellant's community supervision, the State alleged that appellant violated eleven conditions of his community supervision.

The trial court held a hearing on the State's motion. Appellant pleaded true to six violations of the conditions of his community supervision but denied violating the rest. An officer with the Galveston County Community Supervision and Corrections Department testified that appellant violated certain conditions of his community supervision, including testing positive for illegal drugs and failing to complete any of the 240 hours of assigned community service. The State also introduced evidence of appellant's prior criminal history, which the State proved by matching appellant's fingerprints to prints included on each of the six judgments.

At the conclusion of the hearing, the trial court found that appellant violated all eleven challenged conditions of his community supervision, adjudicated appellant guilty of the charged offense, and sentenced appellant to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant timely appeals.

## Analysis

In a single issue, appellant argues that the trial court reversibly erred by not allowing appellant's counsel to take the State's expert witness on voir dire during the adjudication hearing.

Deputy Amanda Hall testified that she is a forensic investigator and latent print examiner for the Galveston County Sheriff's Office. Deputy Hall took appellant's fingerprints in court and then matched those prints with prints on six prior judgments, all for misdemeanor offenses. When the State offered into evidence the exhibits of appellant's fingerprints and the six judgments, appellant's counsel asked to take Deputy Hall on voir dire and the following exchange occurred:

> [Appellant's counsel]: Can I take this witness on voir dire?
> THE COURT: For what purpose?
> [Appellant's counsel]: See if she's qualified on this.
> THE COURT: I think that's meat for cross-examination. So, no.
> [Appellant's counsel]: Okay. No objection.
> THE COURT: All right. State's Exhibits 2, 3, 4, 5, 6, 7, and 8 will be admitted.

Appellant contends on appeal that the trial court's ruling denied appellant the right to voir dire Deputy Hall under Texas Rule of Evidence 705(b), which grants criminal defendants the right to examine an expert about the facts and data that underlie the expert's opinion. *See* Tex. R. Evid. 705(b). According to appellant, this error "was harmful and prejudicial to appellant and undoubtedly contributed to his sentence in this case."

Based on this record, we conclude that appellant failed to preserve error in two respects. First, by stating "No objection" in response to the trial judge's denial

3

of appellant's request to take Deputy Hall on voir dire and statement that the witness's qualifications were a matter for cross-examination, appellant effectively waived any complaint about the trial court's ruling. *See, e.g.*, *Stairhime v. State*, 463 S.W.3d 902, 906 (Tex. Crim. App. 2015) (unless record plainly demonstrates that defendant did not intend, nor did trial court construe, a "no objection" statement to constitute abandonment of claim of error, then the "no objection" statement serves as an unequivocal indication that a waiver was both intended and understood).

Second, appellant's trial request does not align with his appellate complaint. A party may challenge expert testimony on at least three specific grounds. First, a party may allege that the witness does not qualify as an expert because the witness lacks the requisite knowledge, skill, experience, training, or education in the subject matter of the expert's testimony. *See Vela v. State*, 209 S.W.3d 128, 131 (Tex. Crim. App. 2006); Tex. R. Evid. 702. Second, a party may allege that the subject matter of the testimony is inappropriate because it is unreliable. *See Vela*, 209 S.W.3d at 131, 133-34; Tex. R. Evid. 705(c); *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992). Third, a party may allege that the testimony will not assist the fact finder in deciding the case. *See Vela*, 209 S.W.3d at 131; Tex. R. Evid. 401, 702. Respectively, these three requirements of expert testimony are commonly referred to as (1) qualification, (2) reliability, and (3) relevance. *See Vela*, 209 S.W.3d at 131. The three requirements raise distinct questions and issues, and an objection based on one of these requirements does not preserve error as to another. *See, e.g.*, *Turner v. State*, 252 S.W.3d 571, 584 n.5 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (holding that an objection based on the expert's qualifications did not preserve reliability issue).

In addition to challenging an expert on the three grounds discussed above, a party in a criminal case has a procedural right to voir dire an expert under Texas Rule of Evidence 705(b). Under this rule, a trial court must grant a criminal defendant's request to conduct a voir dire examination directed to the underlying facts or data upon which an expert's opinion is based, and this examination is conducted outside the presence of the jury. Tex. R. Evid. 705(b). The purpose of this examination is twofold: (1) it allows the defendant to determine the foundation of the expert's opinion without the fear of eliciting inadmissible evidence in the jury's presence; and (2) it may supply the defendant with "sufficient ammunition to make a timely objection to the expert's testimony on the ground that it lacks a sufficient basis for admissibility." *Shaw v. State*, 329 S.W.3d 645, 655 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (internal quotation omitted); *see also* Tex. R. Evid. 705(c) ("An expert's opinion is inadmissible if the underlying facts or data do not provide a sufficient basis for the opinion.").

A party's contention that the trial court failed to conduct a properly requested rule 705(b) hearing is a distinct argument from one challenging the qualifications of an expert. *See Jenkins v. State*, 912 S.W.2d 793, 814 (Tex. Crim. App. 1993); *see also Shaw*, 329 S.W.3d at 655. Thus, a trial court objection to an expert's qualifications does not preserve an appellate argument that the court erred in denying a rule 705(b) hearing. *Jenkins*, 912 S.W.2d at 814 (holding that no rule 705(b) voir dire issue was preserved when the appellant objected only to the expert's qualifications); *Shaw*, 329 S.W.3d at 655-56.

This is precisely the situation we now face. In the trial court, appellant requested only the opportunity to test Deputy Hall's qualifications as a fingerprint examiner, which "is not a request for a Rule 705(b) hearing to explore the 'underlying facts or data' of the expert's opinion." *Jenkins*, 912 S.W.2d at 814

(request to "prove up" expert's qualifications is not a rule 705(b) request). On appeal, in contrast, appellant argues that the trial court failed to conduct a rule 705(b) hearing. The record does not indicate that appellant requested a rule 705(b) hearing or challenged the reliability of the witness's opinions or methodology. We hold, based on binding precedent in *Jenkins* and *Shaw*, that appellant did not preserve for our review the issue of whether the trial court erred in denying a request for a rule 705(b) hearing. *See Jenkins*, 912 S.W.2d at 814; *Shaw*, 329 S.W.3d at 655-56.

Accordingly, and without reaching the merits of appellant's arguments, we overrule his sole issue.

## Conclusion

We affirm the trial court's judgment.


/s/      Kevin Jewell
         Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).